Case 3:11-cv-00260-JGH   Document 84   Filed 01/19/12   Page 1 of 3 PageID #: 2326

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-260-H

KFC CORPORATION                                                                                       PLAINTIFF

v.

JRN, INC.                                                                                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

Defendant, JRN, Inc. ("JRN"), requests an award of costs and attorney's fees in its response opposing a motion by KFC Corp. ("KFC") to withdraw a motion for preliminary injunction. JRN argues the Franchise Agreements governing the parties' relationship supports an award of costs and fees. Alternatively, JRN contends such an award is proper as a matter of equity. The Court disagrees and will deny the request at this time.

Section 20.3 of the Franchise Agreement provides:

"If KFC institutes and prevails entirely in any action at law or in equity against the Franchisee based entirely or in part on the terms of this Agreement, KFC shall be entitled to recover, in addition to any judgment entered in its favor, reasonable attorney's fees, court costs and all of KFC's expenses in connection with the litigation. If the Franchisee prevails entirely in the claim instituted by KFC, he will be entitled to such fees, costs and expenses. If neither side prevails entirely, each will bear his own costs."

JRN argues it has "prevailed entirely" as to KFC's motion for a preliminary injunction and thus satisfies Section 20.3's conditions for recovering costs and fees associated with defending that motion. Although the Court agrees JRN was entirely successful in its defense of KFC's motion, prevailing on a non-dispositive motion is not prevailing entirely in an action at law or in equity. KFC's motion for a preliminary injunction did not constitute a separate and entire cause of action in equity – rather, it was merely one step in the course of litigation. An "action" is "any

judicial proceeding, which, if conducted to a determination, will result in a judgment or decree." *Black's Law Dictionary* 32 (9th ed. 2009). "The action is said to terminate at judgment." *Id*. Denial of KFC's motion did not result in a "judgment or decree." As the litigation progresses, KFC may yet win both the legal and equitable remedies it seeks. JRN's request for attorney's fees and costs under Section 20.3 is premature.

JRN also argues the Court should grant it an award of attorney's fees and costs as a matter of equity. The Court does not find KFC acted in bad faith or abused the judicial process in filing its motion for a preliminary injunction, nor does KFC's request to withdraw its motion warrant any sanction. JRN's analogy to cases involving Fed. R. Civ. P. 41(a)(2), where courts have conditioned allowing a voluntary dismissal of a claim on awarding fees, is misplaced. Awarding fees and costs may be appropriate in the Rule 41 context, where a plaintiff imposes costs on a defendant and then dismisses the complaint with no determination on the merits. Here, in contrast, KFC submitted a preliminary motion, which the Court has denied, and now the case will progress to a final determination on the merits. To be sure, defending the motion was burdensome to JRN, but this burden was neither undue nor out of the normal course of litigating a business dispute.

Finally, the Court notes that the evidentiary record the parties developed at the preliminary injunction hearing will inform the Court's ultimate determination on the merits. The costs JRN bore not only defeated KFC's colorable claim to a right to preliminary injunctive relief, but also will support both its defense and the prosecution of its counterclaims at the merits stage. Neither KFC's conduct nor the expenses JRN has suffered warrant an equitable award of attorney's fees and costs.

2

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that JRN's request for attorney's fees and costs in defending the preliminary injunction motion is DENIED.

cc: Counsel of Record